### SCHUSTERMAN v. KRAUS.

(Supreme Court, Appellate Division, Second Department. January 5, 1912.)

BROKERS (§ 46*)—COMMISSIONS—WHEN EARNED.

 A broker, not given the exclusive right to procure a purchaser, is not entitled to commissions, where the owner, before the broker produces a customer, sells the premises in good faith to a customer produced by another broker.

 [Ed. Note.—For other cases, see Brokers, Cent. Dig. § 47; Dec. Dig. § 46.*]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Jennie Schusterman against Emma Kraus. From a judgment of the Municipal Court for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

J. Hunter Lack, for appellant.
John R. Jones, for respondent.

JENKS, P. J. This is an action for the recovery of broker's commissions upon the sale of realty. The defendant sought to prove that, prior to the communication of the plaintiff to her that plaintiff had found a purchaser, the defendant had affirmed a sale made through another broker. But she was prevented by various general objections, which were sustained by the court under exceptions.

It did not appear that the employment of the plaintiff was exclusive. Therefore evidence that tended to show that, before the plaintiff produced her customer, the defendant in good faith had accepted a purchaser produced by another broker, was relevant to the issue of the defendant's liability. Ettinghoff v. Horowitz, 115 App. Div. 571, 100 N. Y. Supp. 1002.

The judgment of the Municipal Court must be reversed, and a new trial must be ordered, with costs to abide the event. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes